United States District Court
Southern District of Texas
**ENTERED**
February 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ALBERTO AGUSTIN VALENCIA MENCIAS,** § § § | |
| Petitioner, § § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00099 |
| **KRISTI NOEM,** *et al.*, § § | |
| Respondents. § | |

# ORDER

Pending before the Court is Petitioner Alberto Agustin Valencia Mencias ("Petitioner") Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on January 22, 2026. (Dkt. 1.) The issue presented in Petitioner's petition is principally one of statutory interpretation: whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings. Petitioner argues he is being unlawfully detained under 8 U.S.C. § 1225(b)(2), which subjects noncitizens to mandatory detention during removal proceedings. (Dkt. 1 at 10–13.) He asks the Court to order his immediate release. (*Id*. at 16.)

On November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) pertaining to this very issue:

1 / 5

> **Bond Eligible Class**: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. Prior to granting class certification, the Central District of California granted partial summary judgment on the named petitioners' claims, holding that the government's interpretation of the Immigration and Nationality Act (INA) was unlawful in so far as it subjected petitioners to mandatory detention under § 1225(b)(2) rather than § 1226(a). Several days later, the court expressly "extend[ed] the same declaratory relief granted to [individual] Petitioners to the Bond Eligible Class as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9.

On December 18, 2025, the Central District of California clarified its prior order and entered a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, holding that "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Santacruz*, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). A final judgment in a class action is binding on all class members in subsequent decisions under the basic principles of res judicata and collateral estoppel. *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984) ("A judgment in favor of either side is conclusive in a subsequent action between them on any issue actually litigated and determined, if its determination was essential to that judgment").

Upon review of Petitioner's claims before the Court, the Court finds that Petitioner is a member of the "Bond Eligible Class" because meets all requirements for *Maldonado Bautista* class membership. (*See* Dkt. 1 at 8–9; Dkt. 6 at 7.) Petitioner entered the United States without

inspection, admission, or parole; has been living in the United States; and is currently being detained under 8 U.S.C. § 1225(b)(2). (*See* Dkt. 1 at 8–9; Dkt. 6 at 7.)

Thus, the Court holds that because Petitioner is a member of the Bond Eligible Class, he is entitled to the declaratory relief entered by the Central District of California that his current detention under 8 U.S.C. § 1225 is unlawful. *See Hernandez v. Otay Mesa Detention Center*, 2025 WL 3724913, at *1 (S.D. Cal. Dec. 24, 2025) (Noting that Respondents conceded that because petitioner was a member of the bond eligible class he was considered detained under 8 U.S.C. § 1226(a), pursuant to the final judgment entered in *Maldonado Bautista*, 2025 WL 3289861); *see also Mohammadi v. Larose*, 2025 WL 3731737 (S.D. Cal. Dec. 26, 2025) (holding that the final judgment issued in *Maldonado Bautista*, 2025 WL 3289861 provided independent support for why petitioner was not subject to mandatory detention). Consequently, this Court may craft an injunctive remedy in accordance with that determination and order that Respondents immediately release Petitioner.

Additionally, the Court independently reasons that equitable relief is warranted in Petitioner's case. Petitioner's claims present nearly identical legal questions to those previously considered by the Court in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). Because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result as to the relevant detention authority in this case, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has been residing in the United States, Petitioner is cannot lawfully be detained under 8 U.S.C. § 1225(b)(2). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding

agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1304 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Additionally, the Court finds that the appropriate remedy in this case is immediate release in accordance with the Court's reasoning as set out in *Cruz-Reyes v. Bondi*, 5:26-cv-00060, Dkt. No. 20 (S.D. Tex. Feb. 3, 2026).

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative for Summary Judgment, (Dkt. 6), is DENIED.

1. Respondents are ORDERED to RELEASE Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release no less than three hours prior to Petitioner's release from custody.

3. If Petitioner is re-detained, all applicable regulations and procedures must be followed, including that Petitioner be afforded a bond hearing pursuant to 8 U.S.C. § 1226(a).

4. Within two weeks of the date of this Order, the parties shall FILE advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this February 4, 2026.

                                                    Diana Saldaña
                                                    United States District Judge